# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **AMBER N. MCCRORY,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-07-S-994-M** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Amber McCrory commenced this action on May 29, 2007, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ") denying her claim for a period of disability, disability insurance, and supplementary security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ: (1) improperly considered the opinion of Dr. Hemant Sinha, the examining physician; (2) improperly considered claimant's morbid obesity; and (3) failed to apply Social Security Ruling 96-9p. Upon review of the record, the court concludes these contentions are without merit.

The ALJ did not err in considering the consultative opinion of Dr. Sinha. Social Security regulations state that, in considering what weight to give any medical opinion, the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). Dr. Sinha examined claimant on May 4, 2004.[1] Claimant weighed more than 350 pounds but experienced no significant joint pain. She had swelling in both legs and both feet, and her pedal pulses were barely palpable as a result. The sole of her left foot was dry and cracked, which resulted in frequent cellulitis. Claimant's movements were "very careful in walking and getting on to the

---

[1] *See* Tr. at 201-05.

2

examination couch."[2] Her gait was waddling. She could heel-toe walk, but she could not squat completely. Her motor and sensory reflexes, grip strength, and gross and fine manipulative ability all were normal. She experienced no muscle atrophy. Claimant demonstrated full range of motion of the cervical spine, shoulder, and knee, and slight limitation of range of motion of the lumbar spine, hip, and ankle.[3] Dr. Sinha diagnosed "significant bilateral leg and feet swelling and edema," "chronic eczematous changes of the soles," which were "a source for frequent cellulitis," and "significant mental problems."[4] In conclusion, he stated:

> In my view, she has significant problems with obesity, causing significant problems with frequent motion change, sitting, standing and ambulation, as well as significant leg edema and problems with her soles, as mentioned above, causing frequent cellulitis. She also seems to have significant mental problems. Given all of these, it *may not* be easy for her to retain an 8-hour *intensive* work schedule, as per her physical and mental training ability.[5]

The ALJ assigned some, but not significant, weight to Dr. Sinha's assessment, reasoning that Dr. Sinha did not have an ongoing treatment relationship with claimant, and that his opinion was both internally inconsistent, and inconsistent with the other medical evidence of record. Specifically, the ALJ noted that, despite the

---

[2] Tr. at 203.

[3] Tr. at 204-05. Range of motion was not tested in her elbow, forearm, or wrist.

[4] *Id.*

[5] *Id.* (emphasis supplied).

edema in claimant's legs and feet, she had no more than slight limitations of range of motion in her *upper* extremities. Further, none of the treating physicians documented any impairment that would cause claimant to be unable to sustain an eight-hour workday.[6] This court finds that the ALJ's decision was supported by substantial evidence and in accordance with the regulatory framework set forth above. Additionally, the court notes that Dr. Sinha's statement of claimant's limitations was less than equivocal. He did not assign specific limitations on claimant's ability to sit, stand, walk or perform other work functions during an eight-hour day. Instead, he stated only that claimant *may not* be able to sustain an *intensive* eight-hour work day. This assessment does not indicate an inability to perform less strenuous work activity.

The ALJ also properly considered the effects of claimant's obesity on her ability to perform work-related activities.[7] Claimant correctly points out that the ALJ did not explicitly refer to Social Security Ruling 02-1p, which provides guidance on the evaluation of obesity in disability claims. The Ruling recognizes that obesity can cause or contribute to other physical or mental impairments. SSR 02-1p, 2000 WL 628049, at *3. Thus, "[a]n assessment should . . . be made of the effect obesity has

---

[6]Tr. at 20-21. The ALJ also rejected Dr. Sinha's assessment of claimant's mental impairments, because Dr. Sinha is not a mental health specialist. Tr. at 20. Claimant does not contest that decision. Doc. no. 8 (claimant's brief), at 4.

[7]Claimant's obesity is not in question. At the administrative hearing, she testified that she was five feet nine inches tall and weighed at least 460 pounds. Tr. at 254.

4

upon the individual's ability to perform routine movement and necessary physical activity within the work environment." *Id.* at *6. The ALJ should also assess "[t]he combined effects of obesity with other impairments." *Id.* The assessment should include an evaluation of the effects of obesity on exertional, postural and manipulative functions; ability to tolerate extreme heat, humidity, or hazards; ability to sustain activity and maintain mental clarity; and social functioning. *Id.* Despite the ALJ's failure to explicitly mention Social Security Ruling 02-01p in the administrative decision, this court concludes that the ALJ's analysis is consistent with the requirements of the Ruling. The ALJ listed morbid obesity as one of claimant's severe impairments.[8] The ALJ also acknowledged that Dr. Sinha had based his assessment of claimant's impairments largely on the effects of her obesity, but nonetheless concluded that Dr. Sinha's assessment was due only little weight because it was inconsistent with the other evidence. As set forth above, that conclusion was supported by substantial evidence. The ALJ also stated the following with regard to claimant's obesity:

> [T]here is no indication that the claimant's obesity has interfered with her social life or her ability to work. Furthermore, there is no medically acceptable imaging to support any difficulties with her major joints. Additionally, no treating physician has found her obesity to be disabling and/or prevents the claimant from performing work activity at any

---

[8]Tr. at 19.

level.[9]

These conclusions are supported by the record.

Finally, this court finds claimant's contention that the ALJ erred in failing to apply Social Security Ruling 96-9p to be without merit. To the contrary, the ALJ properly considered claimant's residual functional capacity for less than a full range of sedentary work.

Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 23rd day of January, 2008.

_____
United States District Judge

---

[9] Tr. at 22.